IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| STEVEN DUARTE and MONIQUE DUARTE, individually and as husband and wife,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF NAMPA and NAMPA POLICE DEPARTMENT,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. CV-06-480-S-MHW<br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court is Defendant's Motion to Dismiss (Docket No. 6), filed January 2, 2007.

**I.
Background**

On November 29, 2006, Mr. & Mrs. Duarte ("Plaintiffs") filed their Complaint (Docket No. 1) naming as Defendants the City of Nampa and Nampa Police Department ("NPD"). Plaintiffs alleged various causes of action including: violations of the ADA and Idaho Human Rights Statutes, wrongful discharge, intentional and negligent infliction of emotional distress, negligent training, libel and slander, and loss of consortium. NPD responded by filing its Motion

**Memorandum Decision and Order - Page 1**

to Dismiss (Docket No. 6), on January 2, 2007, alleging failure to state a claim upon which relief could be granted.

Mr. Duarte ("Plaintiff") began working for the NPD on or about April 6, 1998 and was later promoted to the Special Investigations Unit. On June 24, 2004, Plaintiff suffered an anxiety attack during work and was hospitalized as a result of the attack.

In accordance with the Rules of the Peace Officers Standards and Training Council ("POST"), Plaintiff received an evaluation from a licensed psychiatrist, Dr. Montgomery, to determine whether he was fit to return to work. (Complaint (Docket No. 1 at 3)). Dr. Montgomery reported that Plaintiff was able to return to work, but NPD wanted additional information and requested that Dr. Montgomery complete a "Return to Work Record." (Complaint (Docket No. 1 at 3)).

On September 16, 2004, the Defendant offered Plaintiff a position in dispatch, which he declined. Plaintiff then accepted an assignment to work on "light-duty" for a period of thirty days. (Complaint (Docket No. 1 at 4)). However, on October 4, 2004, Plaintiff was placed on administrative leave for violation of light-duty protocol by carrying a gun. Subsequently, the parties came to an agreement, Memorandum of Understanding ("MOU"), which provided that Plaintiff would return to work on October 20th and complete the light-duty assignment. At that time, Plaintiff also agreed to receive a fitness for duty evaluation, which was conducted by Dr. Morgan on October 22, 2004.

As a result of this evaluation, Dr. Morgan reported that Plaintiff was not able to resume his duties as a law enforcement officer. (Complaint (Docket No. 1 at 5)). Plaintiff's doctor, Dr. Montgomery, again advised the Defendant, by way of letter dated October 27, 2004, that

**Memorandum Decision and Order - Page 2**

Plaintiff was able to resume work. Despite Dr. Montgomery's recommendation, Plaintiff was terminated effective on November 30, 2004. (Complaint (Docket No. 1 at 6)).

## II.
## Standard of Review

A motion to dismiss should not be granted "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754 (9th Cir. 1994). When a complaint or portion thereof is tested as to the legal sufficiency of the claims for relief, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the moving party. *Buckey v. County of Los Angeles,* 968 F.2d 791, 794 (9th Cir. 1991), *cert. denied,* 506 U.S. 909 (1992). The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the claim for relief by addressing itself solely to the failure of the complaint to state a claim. *Church of Scientology of Ca. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984).

The Ninth Circuit held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegations of other facts." *Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). Generally, under Fed. R. Civ. P. 15(a) a court should freely give leave to amend when justice so requires. To aid this analysis, the Supreme Court has developed the following factors to consider when deciding whether or not to allow leave to amend:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as rules require, be "freely given."

**Memorandum Decision and Order - Page 3**

*Foman v. Davis,* 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048 1052 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Id.*

### III.
### Analysis of Motion to Dismiss

Defendant claims that its Motion to Dismiss should be granted because the NPD has no capacity to be sued, and thus Plaintiffs have failed to state a claim upon which relief can be granted. (Defendant's Memorandum in Support (Docket No. 6-2 at 1)). Federal Rule of Civil Procedure 17(b) states in part:

> The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States . . . .

Defendant states that the City of Nampa is an incorporated municipal association and the NPD is a subdivision of that municipal corporation. Plaintiff argues that NPD is not a subdivision but an unincorporated association that may be sued under existing federal law. (Plaintiffs' Memorandum in Opposition (Docket No. 11 at 2)). When a violation of an existing right under federal law occurs, the Court agrees that an unincorporated association can be sued regardless of any conflict with Idaho law. "Rule 17(b)(1) allows an 'unincorporated association' to sue [or be sued] in federal court, regardless of it capacity to sue under the law of the state in which the court sits. . . ." *Comm. for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814, 819 (9th Cir. 1996). Both parties have stated that Idaho statutory and common law is silent with regard to

**Memorandum Decision and Order - Page 4**

NPD's ability to be sued separately. Therefore, the question in this case is not what Idaho law dictates, but rather the question is whether or not NPD is an unincorporated association and subject to suit under Rule 17(b).

"For purposes of Rule 17(b)(1), the determination of what constitutes an 'unincorporated association' is a question of federal law." *Comm. for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814, 820 (9th Cir. 1996). Throughout the federal courts, an unincorporated association has generally been defined as "a voluntary group of persons, without a charter, formed by mutual consent for the purpose of promoting a common objective." *Id.*

Plaintiff argues that NPD is not a department of the City of Nampa, but rather an unincorporated association that is distinct and has the capacity to be sued. (Plaintiffs' Motion in Opposition (Docket No. 11 at 2)). Plaintiff claims that NPD exists as a separate entity as evidenced by a collective bargaining agreement that exists between the City of Nampa and members of the NPD. (Plaintiffs' Motion in Opposition (Docket No. 11 at 2)). However, the fact that a collective bargaining agreement (Nampa Police Contract (Docket No. 11-2)) exists between the City of Nampa and NPD does not lead the Court to the conclusion that NPD is an unincorporated association by contract. As Defendant points out, according to this logic every division of a company that has a collective bargaining agreement would be transformed into a separate entity capable of being sued individually. (Defendant's Reply (Docket No. 13 at 4)). This is not the result that Rule 17(b) was intended to produce.

Contrary to Plaintiff's contention, the overwhelming majority of federal common law has found that police departments are not separate entities with the ability to be sued. As Defendant indicated, the Court was also only able to find one state where a police department was allowed

to be sued separately and that conclusion was reached applying California law, which defined a police department as a public agency and subject to suit under California law.  *Shaw v. State of Cal. Dept. of Alcoholic Beverage Control,* 788 F.2d 600, 605 (9th Cir. 1986).  This is the lone exception, located by the Court, to the vast majority of federal cases that define police departments as subdivisions of the municipality and not unincorporated associations.

"[N]othing in the advisory committee notes to Rule 17 or in the case law interpreting and applying Rule 17 has ever extended this 'unincorporated association' exception to government units, subdivisions or agencies."  *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992).  The Court agrees with the majority of federal courts and concludes that NPD is a subdivision of the City of Nampa and cannot be sued separately.

The following are some examples where police departments were held to be divisions of a city and not subject to suit individually.  Circuit Courts: *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992); *Darby v. Pasedena Police Dept.,* 939 F.2d 311, 313 (5th Cir. 1991); *Potts v. Crosby Independent School Dist.,* 2006 WL 2985939 (5th Cir. 2006)); District Courts:  New York (*East Coast Novelty Co., Inc. v. City of New York,* 781 F. Supp. 999, 1010 (S.D.N.Y. 1992)); Texas (*Maxwell v. Henry,* 815 F. Supp. 213, 215 (S.D. Tex. 1993)); Pennsylvania (*Regalbuto v. City of Philadelphia,* 937 F. Supp 374, 377 (E.D. Pa. 1995)); Missouri (*State of Mo. ex rel. Gore v. Wochner*, 475 F. Supp. 274, 280 (E.D. Mo. 1979)); Illinois (*Dr. Martin Luther King, Jr. Mvmnt., Inc. v. City of Chicago,* 435 F. Supp. 1289, 1294 (N.D. Ill. 1977)); Michigan (*Pierzynowski v. Police Dept. City of Detroit,* 941 F. Supp. 633 (E.D. Mich. 1996)); District of Columbia (*Equal Employment Opportunity Comm'n v. St. Francis Xavier Parochial Sch.,* 77 F. Supp.2d 71, 77-78 (D. D.C. 1999)); Kansas (*Whayne v. State of Kansas,* 980 F. Supp.

387, 391 (D. Kan. 1997)); Virginia (*McCoy v. Chesapeake Corr. Ctr.,* 788 F. Supp. 890, 894 (E.D. Va. 1992)); Vermont (*Hee v. Everlof,* 812 F. Supp. 1350 (D. Vt. 1993)); Indiana (*Gillespie v. City of Indianapolis,* 13 F. Supp.2d 811, 816 (S.D. Ind. 1998)); Ohio (*Johari v. City of Columbus P.D.,* 186 F. Supp.2d 821, 825 (S.D. Ohio 2002)); Nebraska (*Meyer v. Lincoln Police Department,* 2004 WL 2885752 (D. Neb 2004)); Georgia (*Bunyon v. Burke County,* 2003 WL 22255791 (S.D. Ga. 2003)); Maryland (*James v. Frederick County Pub. Sch.,* 441 F. Supp.2d 755, 758 (D. Md. 2005)); Tennessee (*Alexander v. Beale St. Blues Co.,* 108 F. Supp.2d 934, 947 (W.D. Tenn. 1999)); Alaska (*Kivalina Relocation Planning Comm. v. Teck Cominco Alaska, Inc.,* 227 F.R.D. 523, 527 (D. Alaska 2004)).

## IV.
## Conclusion

The Court finds that NPD is in fact a subdivision of the City of Nampa and thus not a proper defendant in this case. The Court agrees with the vast majority of federal case law and holds that a police department is not an unincorporated association as defined by Rule 17(b). Oftentimes if a complaint is deemed to be insufficient under Fed. R. Civ. P. 12(b)(6), a party is afforded an opportunity to file an amended complaint to address the deficiencies. However, in this case, it does not appear that Plaintiffs could cure the deficiencies outlined above and that it would be futile to allow an amendment under Fed. R. Civ. P. 15 because NPD is not a proper party. The motion to dismiss will be granted and the NPD will be dismissed.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS**

**HEREBY ORDERED that:**

1) Defendant's Motion to Dismiss (Docket No. 6), filed January 2, 2007, is

   **GRANTED.**

DATED: March 13, 2007

_____
Honorable Mikel H. Williams
United States Magistrate Judge